IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY MELENDEZ, #253749, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 1:23-CV-426-MHT-SMD |
| ANTONIO MCCLAIN, et al., | ) ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Timothy Melendez, a state inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging two judgments entered in the Circuit Court of Houston County, Alabama—*State of Alabama v. Melendez*, Nos. CC-2017-001669 and CC-2018-000724.[1] Doc. 1. Thereafter, Respondents filed an Answer, in which they contend that Melendez's claims are procedurally defaulted and time-barred by the applicable one-year statute of limitations. Doc. 12. The Court then issued an Order (Doc. 13) directing Melendez to show cause why his Petition should not be dismissed for the reasons argued by Respondents, and Melendez responded simply that he "has shown he is entitled to equitable tolling" (Doc. 14 at 1).

Upon consideration of the parties' filings, and for the reasons explained below, the undersigned Magistrate Judge RECOMMENDS that Melendez's § 2254 Petition be

---

[1] Because both judgments were entered by the same state court, Melendez may challenge both in the same § 2254 petition. *See* Rule 2(e), *Rules Governing Section 2254 Cases in the United States District Courts*.

DENIED without an evidentiary hearing as time-barred[2] and that this case be DISMISSED with prejudice.

## I.    PROCEDURAL BACKGROUND

On July 19, 2017, Melendez was indicted by a Houston County grand jury and charged as follows: (1) in CC-2017-001667 with attempt to flee or elude a police officer in violation of Ala. Code § 13A-10-52; (2) in CC-2017-001668 with unlawful possession of marijuana in violation of Ala. Code § 13A-12-214; and (3) in CC-2017-001669 with trafficking synthetic drugs in violation of Ala. Code § 13A-12-231(12). Doc. 12-1 at 14–19. On August 4, 2017, Melendez—through counsel—entered a plea of not guilty and a waiver of arraignment. *Id*. at 26–28. On June 15, 2018, following a trial, a jury found Melendez guilty of each charge. *Id*. at 90–92. On August 3, 2018, the trial court sentenced Melendez, a habitual offender, as follows: (1) in CC-2017-001667 to 12 months in jail, a fine of $250, a Victim's Compensation Assessment of $100, and $1,704.98 in restitution to the Dothan Police Department; (2) in CC-2017-001668 to 12 months in jail, a fine of $250, and a Victim's Compensation Assessment of $100; and (3) in CC-2017-001669 to 25 years' imprisonment, a fine of $250,000, a Victim's Compensation Assessment of $50, and a Drug Demand Reduction Act Assessment of $2,000. *Id*. at 101–103. All three sentences were ordered to run concurrently. *Id*.

---

[2] Although Respondents also argue that Melendez's claims are procedurally defaulted, because the statute of limitations is dispositive in this instance, the Court need not address any additional deficiencies.

On August 23, 2018, Melendez moved for a new trial, which the trial court denied. *Id*. at 108, 113. On September 14, 2018, Melendez filed a notice of appeal. *Id*. at 116. In his appeal, Melendez sought review of whether the trial court erred by (1) denying his motion to suppress evidence; (2) denying his motion for judgment of acquittal in CC-2017-001669; and (3) instructing the jury that "adb-fubinaca" was a controlled substance under Alabama law. Doc. 12-5. On July 12, 2019, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Doc. 12-7. On July 31, 2019, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 12-8. Melendez did not petition the Alabama Supreme Court for certiorari review, and he did not file a Rule 32 petition for postconviction relief. *See State of Alabama v. Melendez*, Nos. CC-2017-001667, CC-2017-001668, and CC-2017-001669; *see also* Doc. 1 at 3.

On March 15, 2018, Melendez was indicted by a Houston County grand jury and charged with trafficking synthetic marijuana in violation of Ala. Code § 13A-12-231(12), to which Melendez entered a guilty plea. *See State of Alabama v. Melendez*, No. CC-2018-000724 (Docs. 1, 42). On November 6, 2019, the trial court sentenced Melendez to 18 years' imprisonment, a fine of $50,000, a Victim's Compensation Assessment of $250, and a Drug Demand Reduction Act Assessment of $2,000. *Id*. (Doc. 42). That sentence was ordered to run concurrently with Case Nos. CC-2017-001667, CC-2017-001668, and CC-2017-001669. *Id*. Melendez does not appear to have appealed that judgment.

On June 11, 2023, Melendez filed the instant § 2254 Petition, arguing that (1) his trial counsel was ineffective; (2) the State prosecutor failed to charge him with trafficking

3

synthetic marijuana in CC-2017-001669 or CC-2018-000724 because "the certificate of anylasis [sic] did not confirm controlled substance in either case nor confirm 28 grams or more in either case"; (3) the State prosecutor failed to prove that the alleged synthetic marijuana contained any controlled substances; and (4) the indictments were defective. Doc. 1. When prompted to explain why the one-year statute of limitations does not bar the instant Petition, Melendez stated that "the one-year statute of limitations … does not apply to him nor is he procedurally barred from filing [the instant] habeas corpus petition." *Id*. at 13–14. The § 2254 Petition is now ripe for consideration.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## A.  Computation of Timeliness

The first judgment Melendez challenges in his § 2254 Petition became final on July 31, 2019, the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment. *See* Doc. 12-8. Thus, absent statutory or equitable tolling, Melendez had until July 31, 2020 to file a timely § 2254 petition as to that judgment. *See* 28 U.S.C. § 2244(d)(1)(A). The second judgment Melendez challenges in his § 2254 Petition became final on December 18, 2019—42 days after his sentence was imposed and the date on which his time to seek direct review expired. *See* Ala. R. App. P. 4(b)(1). Thus, absent statutory or equitable tolling, Melendez had until December 18, 2020 to file a timely § 2254 petition as to that judgment. *See* 28 U.S.C. § 2244(d)(1)(A). However, as noted above, Melendez did not file the instant § 2254 Petition until at least June 11, 2023—more than two years after expiration of the statute of limitations as to both judgments. *See* Doc. 1 at 15.

### i.  Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the pendency of a properly filed state court petition. *See id.* The Court finds nothing in the record to implicate tolling under this statute. Indeed, Melendez specifically indicates in his

§ 2254 Petition that he did not file a petition for postconviction relief (*see* Doc. 1 at 3), and Respondents confirm that there is no record of Melendez having filed such a petition (*see* Doc. 12 at 4, 6). Moreover, Melendez has not set forth allegations or arguments to establish application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D). That is, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition; that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. Thus, Melendez is not entitled to statutory tolling.

### ii.   Equitable Tolling

The AEDPA's limitation period may be equitably tolled on grounds other than those in the habeas statute when a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). However, "equitable tolling is an extraordinary remedy … limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotations and citation omitted). The Supreme Court has held that a petitioner may obtain equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). "The petitioner has the burden of establishing his entitlement to

equitable tolling; his supporting allegations must be specific and not conclusory." *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted).

As noted above, when prompted to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] petition," Melendez responded that "the one-year statute of limitations contained in 28 U.S.C. section 2244(d) does not apply to him nor is he procedurally barred from filing the 28 U.S.C. section 2254 habeas corpus petition." Doc. 1 at 13–14. Additionally, when later ordered to show cause why his Petition should not be dismissed as untimely, Melendez responded only that he "has shown he is entitled to equitable tolling." Doc. 14 at 1. However, Melendez has wholly failed to provide any factual basis in support of these conclusory assertions. Indeed, nowhere in his filings does he demonstrate that he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his § 2554 Petition. Thus, based on the evidence before the Court, Melendez is not entitled to equitable tolling.

## III.   CONCLUSION

Accordingly, for the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS that Melendez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) be DENIED without an evidentiary hearing as time-barred and that this case be DISMISSED with prejudice.

It is further ORDERED that, no later than **May 19, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc), *overruled by Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 5th day of May, 2026.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE